JAMES C. NIELSEN (111889)
  jnielsen@nkllp.law
DANIEL N. KATIBAH (293251)
  dkatibah@nkllp.law
NIELSEN KATIBAH LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
Telephone:  (415) 693-0900
Facsimile:   (415) 693-9674

Attorneys for Plaintiff
ASSOCIATED INDUSTRIES INS. CO., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>GERAGOS & GERAGOS, APC, a California professional corporation; and MARK GERAGOS, an individual,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT** |

Plaintiff Associated Industries Insurance Company, Inc., alleges as follows:

1. Plaintiff Associated is a Florida corporation with its principal place of business in New York City.

2. Defendant Mark Geragos, an individual, is and at all relevant times was a citizen of California. Mr. Geragos is a licensed California attorney and is the principal of defendant Geragos & Geragos, APC.

3.     Defendant Geragos & Geragos, APC, is a California professional corporation with its principal place of business in Los Angeles, California. Geragos & Geragos is a law firm. (Mark Geragos and Geragos & Geragos are referred to separately throughout this complaint.)

4.     Jurisdiction is proper in this Court under 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. As alleged below, this case addresses a dispute over defense and indemnity under a policy of professional-liability insurance in connection with an underlying lawsuit in the Los Angeles Superior Court, in which the plaintiff seeks over $1,500,000 in damages from Mark Geragos. Moreover, defense costs in that action alone can be reasonably expected to exceed $75,000.

5.     Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)(1) because all defendants reside in this State and District.

6.     Associated issued to Geragos & Geragos as named insured a policy of professional-liability insurance, number AES1191097 (effective August 27, 2020-2021). The policy affords, among others, Lawyers' Professional Liability Insurance subject to a limit of $1,000,000 per claim, and a Policy Period Aggregate limit of $3,000,000. Associated's policy contains, among other things, the following relevant language:

**I.    INSURING AGREEMENTS**

    A.    The **Company** shall pay **Damages** and **Claim Expenses,** in excess of the Self-Insured Retention identified in the Declarations, if applicable, and subject to the Policy's Limit of Liability, that the **Insured** shall become legally obligated to pay as a result of a **Claim** made against the **Insured** for a **Wrongful Act**, provided that (i) the **Claim** is first made against the **Insured**

and reported to the Company, in writing, during the **Policy Period** or the Extended Reporting Period, if applicable; (ii) the **Insured** has no knowledge of such **Wrongful Act** prior to the Inception Date of this Policy; and (iii) such **Wrongful Act** took place on or after the **Retroactive Date** set forth in the Declarations Page of this Policy and prior to the end of the **Policy Period**.

\*   \*   \*

C. **Defense.** As part of and subject to the Policy's Limit of Liability, the **Company** shall have the right and duty to defend any **Claim** against the **Insured** to which this Policy applies, even if the allegations of the **Claim** are groundless, false, or fraudulent. However, the **Company's** duty to defend shall terminate upon exhaustion of the applicable Limit of Liability by the payment of **Damages** and/or **Claim Expenses.**

\*   \*   \*

II. **DEFINITIONS**

Wherever used in this Policy:

\*   \*   \*

C. **"Claim"** means a written demand received by the **Insured** for monetary **Damages** which alleges a **Wrongful Act**, including:

1. the service of suit or any civil proceeding in a court of law or equity, including any appeal therefrom, which is commenced by the filing of a complaint, motion for judgment, or similar proceeding\*\*\*

\* \* \*

J. **"Insured"** means:

\* \* \*

    2. any individual or professional corporation who is or becomes a partner, officer, director, stockholder, per diem attorney, independent contract attorney, or employee of the **Named Insured**, but solely while acting within the scope of their duties as such on behalf of the **Named Insured** in rendering **Professional Services.**

\* \* \*

V. **"Professional Services"** means services:

    1. provided by any **Insured** to others as a lawyer, mediator, arbitrator or notary public but solely for services on behalf of the **Named Insured** or Predecessor Firm designated in the Declarations; or

\* \* \*

BB. **"Wrongful Act"** means any actual or alleged negligent act, error, or omission committed or attempted in the rendering or failing to render **Professional Services** by any **Insured** on behalf of the **Named Insured,** including but not limited to **Personal Injury.**

\* \* \*

### III. EXCLUSIONS

This Policy shall not apply to any **Damages** or **Claims Expenses** incurred with respect to any **Claim:**

\* \* \*

C. based upon or arising out of any written demand, litigation,

proceeding, administrative action or hearing brought prior to or pending as of the Prior and Pending Litigation Date as stated in the Declarations as well as any future litigation, proceeding, administrative action or hearing based upon any such pending or prior litigation, proceeding, administrative action or hearing or derived from the same or similar essential facts or circumstances underlying or alleged in any such pending or prior litigation, proceeding, administrative action or hearing;

\*   \*   \*

**MODIFIED PRIOR & PENDING EXCLUSION**

This endorsement modifies the insurance provided under the following:

**LAWYERS' PROFESSIONAL LIABILITY POLICY**

Section **III. EXCLUSIONS, C.** is deleted in its entirety and replaced with the following:

A.   based upon, arising out of, or attributable to any written demand, litigation, proceeding, administrative action or hearing known or reasonably foreseen by any **Insured** brought prior to or pending as of the Prior and Pending Litigation Date as stated in the Declarations, as well as any future litigation, proceeding, administrative action or hearing based upon any such pending or prior litigation, proceeding, administrative action or hearing or derived from the same or similar essential facts or circumstances underlying or alleged in any such pending or prior litigation, proceeding, administrative action or hearing\*\*\*

7. Regarding the coverage described in paragraph 6 above, Mark Geragos may qualify as an insured if he is sued for acts within the scope of his duties as a Geragos & Geragos partner in the rendering of services to others as a lawyer.

8. Mark Geragos tendered to Associated an underlying lawsuit styled *Franklin v. Geragos*, Los Angeles Superior Court no. 20STCV37797.  Without admitting the truth of the allegations of the *Franklin* action and solely for purposes of describing those allegations, plaintiff Gary Franklin generally alleges that he hired then-attorney Michel Avenatti in March 2019 to prosecute breach-of-contract allegations against Nike, Inc.; that Avenatti attempted to leverage Franklin's claims against Nike into an opportunity for self-enrichment; that Avenatti enlisted Mark Geragos into his scheme; that Avenatti was indicted for conspiring to extort Nike in May 2019 and convicted of the same in February 2020; and that Geragos participated in Avenatti's scheme and was Avenatti's unindicted co-conspirator referred to throughout the May 2019 indictment.  Franklin alleges that Geragos's participation in Avenatti's scheme caused damage to Franklin, including but not limited to the loss of a $1,5000,000 settlement offer from Nike to Franklin that neither Avenatti nor Geragos allegedly ever conveyed to Franklin.

9. Associated agreed to defend Mark Geragos in the *Franklin* action (Geragos & Geragos is not sued therein), subject to a full reservation of Associated's rights including, among others, the right to disclaim any duty to defend or indemnify Geragos in connection with the *Franklin* action, or to rescind the Associated policy.

10. Should any defendant served with this pleading affirmatively waive and disavow in binding fashion any current or prospective claim or right to any interest in the Associated policies, Associated reserves the right to dismiss such defendant without prejudice.

**FIRST CLAIM FOR RELIEF**

[Rescission of the Associated policy against all Defendants]

11. Paragraphs 1-10 above are incorporated by reference as if fully set forth

6
COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

here.

12. Associated is informed and believes and thereon alleges that Geragos & Geragos, through Mark Geragos, materially misrepresented or concealed material facts in the process of applying for the Associated policy, including, but not limited to, misrepresenting knowledge of facts and circumstances that could result in a claim being made against, among others, Mark Geragos in his capacity as a Geragos & Geragos partner.  Had Geragos & Geragos represented the true facts, by disclosing the Avenatti situation and Mark Geragos's alleged role in it, Associated would have issued its policy with materially different coverage terms, including without limitation materially higher premiums, or would not have issued the policy at all.

13. Associated is therefore entitled to rescind the policy it issued to Geragos & Geragos as named insured described above, effective as of the policy's inception. By way of this action, Associated offers to refund to Geragos & Geragos all premiums paid for the policy.

14. To the extent Mark Geragos claims or may claim an interest in the Associated policy, an adjudication of rescission likewise will bind him.

## SECOND CLAIM FOR RELIEF

[Declaratory Judgment – 28 U.S.C. § 2201 – against Mark Geragos]

15. Paragraphs 1-14 above are incorporated by reference as if fully set forth here.

16. An actual controversy has arisen and now exists between Associated, on one hand, and Mark Geragos, on the other hand, concerning their respective rights and obligations in connection with the *Franklin* lawsuit.  Geragos contends Associated owes a duty to defend, and potentially indemnify, him in that litigation under the Associated policy.  Associated, though defending Geragos under that policy subject to the reservation of rights, contends it owes no duties at all to Geragos because Associated is entitled to rescind its policy, which would render any coverages within the policy void *ab initio*.  Associated is informed and believes that

1 Geragos contends to the contrary of Associated's contentions set forth above.

2   17.  Associated therefore requests that this Court enter a binding judicial declaration in accordance with Associated's contentions set forth above. The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

### THIRD CLAIM FOR RELIEF

[Declaratory Judgment – 28 U.S.C. § 2201 – against Mark Geragos]

18.  Paragraphs 1-17 above are incorporated by reference as if fully set forth here.

19.  An actual controversy has arisen and now exists between Associated, on one hand, and Mark Geragos, on the other hand, concerning their respective rights and obligations in connection with the *Franklin* lawsuit. Geragos contends Associated owes a duty to defend, and potentially indemnify, him in that litigation under the Associated policy. Associated, though defending Geragos under that policy pursuant to the reservation of rights, contends it owes no duties at all to Geragos because the policy's exclusions, including the "Modified Prior & Pending Exclusion" quoted in paragraph 6 above, bar any duty to defend or indemnify the *Franklin* suit. Associated is informed and believes that Geragos contends to the contrary of Associated's contentions set forth above.

20.  Associated therefore requests that this Court enter a binding judicial declaration in accordance with Associated's contentions set forth above. The requested declarations are both necessary and proper at this time under the circumstances in that the interests of judicial economy and substantial justice will be served thereby.

WHEREFORE, Associated prays for judgment as follows:

1.  That the Court adjudge and declare that Associated is entitled to rescind

its policy, and that the policy is rescinded;

2. That the Court make and enter its binding judicial declarations in accordance with Associated's contentions set forth above;

3. That Associated be awarded its costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Associated Industries Insurance Company, Inc., hereby demands trial by jury in accordance with Fed.R.Civ.P. 38(a).

March 3, 2021                              NIELSEN KATIBAH LLP

By:     /s/ *Daniel N. Katibah*

DANIEL N. KATIBAH
Attorneys for Plaintiff Associated Industries Ins. Co., Inc.