1  Shaun H. Crosner (SBN 259065)
   scrosner@pasichllp.com
2  PASICH LLP
3  1230 Rosecrans Avenue, Suite 690
   Manhattan Beach, California 90266
4  Telephone:  (424) 313-7860
   Facsimile:   (424) 313-7890
5

6  Kayla M. Robinson (SBN 322061)
   krobinson@pasichllp.com
7  PASICH LLP
8  10880 Wilshire Boulevard, Suite 2000
   Los Angeles, California 90024
9  Telephone:  (424) 313-7860
   Facsimile:   (424) 313-7890
10

11 Attorneys for Defendants and Counterclaimants

12            **UNITED STATES DISTRICT COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation, | Case No. 2:21-cv-01963 RGK–KS |
| 15 | Assigned to Hon. R. Gary Klausner |
| 16              Plaintiff, | **FIRST AMENDED ANSWER AND COUNTERCLAIMS** |
| 17         v. | |
| 18  GERAGOS & GERAGOS, APC, a California professional corporation; and MARK GERAGOS, an individual, | |
| 19 | |
| 20 | |
| 21              Defendants, | |
| 22         v. | |
| 23  ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation; and ARCH INSURANCE COMPANY, a Missouri corporation, | |
| 24 | |
| 25 | |
| 26 | |
| 27              Counterclaim Defendants. | |
| 28 | |

**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

Defendants Geragos & Geragos, APC and Mark Geragos (collectively, the "Insureds"), through their undersigned attorneys, hereby submit their Answer to Plaintiff Associated Industries Insurance Company, Inc.'s ("Associated") Complaint for Rescission and Declaratory Judgment ("Complaint") and state as follows:

1. In answer to Paragraph 1 of the Complaint, the Insureds are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis DENY each and every allegation contained therein.

2. In answer to Paragraph 2 of the Complaint, the Insureds ADMIT the allegations contained therein.

3. In answer to Paragraph 3 of the Complaint, the Insureds ADMIT the allegations contained therein.

4. In answer to Paragraph 4 of the Complaint, the Insureds ADMIT the allegations contained therein.

5. In answer to Paragraph 5 of the Complaint, the Insureds ADMIT the allegations contained therein.

6. In answer to Paragraph 6 of the Complaint, the Insureds ADMIT that Associated issued policy number AES1191097 to named insured Geragos & Geragos APC for the policy period August 27, 2020, to August 27, 2021, and ADMITS that the policy affords Lawyers' Professional Liability Insurance subject to a limit of $1,000,000 per claim and $3,000,000 in the aggregate. The Insureds also ADMIT that Policy No. AES1191097 contains that quoted language, with the exception of the "MODIFIED PRIOR & PENDING EXCLUSION," which replaces "C" not "A."

7. In answer to Paragraph 7 of the Complaint, the Insureds ADMIT that Mark Geragos is an insured "while acting within the scope of [his] duties as such on behalf of [Geragos & Geragos] in rendering **Professional Services**." To the extent Paragraph 7 of the Complaint characterizes the policy's terms, the Insureds DENY

1
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

1   those characterizations as incomplete and misleading and refer to the policy for its
2   complete and accurate contents. Except as expressly admitted, DENIED.
3       8.   In answer to Paragraph 8 of the Complaint, the Insureds ADMIT that
4   they tendered the matter captioned *Franklin v. Geragos*, Los Angeles Superior
5   Court Case No. 20STCV37797 to Associated. The Insureds otherwise aver that the
6   complaint in the *Franklin* lawsuit is the best evidence of its allegations. The
7   Insureds DENY the allegations made in the underlying *Franklin* lawsuit and the
8   underlying *Franklin* complaint.
9       9.   In answer to Paragraph 9 of the Complaint, the Insureds ADMIT that
10  Associated agreed to defend Mark Geragos in the *Franklin* action and purported to
11  reserve its rights. Except as expressly admitted, DENIED.
12      10.  In answer to Paragraph 10 of the Complaint, the Insureds aver that the
13  paragraph states only legal conclusions to which no response is required. To the
14  expense a response is deemed required, the Insureds DENY the allegations
15  contained therein.

## FIRST CLAIM FOR RELIEF

[Rescission of the Associated policy against all Defendants]

18      11.  In answer to Paragraph 11 of the Complaint, the Insureds reassert and
19  incorporate their responses to Paragraphs 1–10 above by reference as if fully set
20  forth herein.
21      12.  In answer to Paragraph 12 of the Complaint, the Insureds DENY the
22  allegations contained therein.
23      13.  In answer to Paragraph 13 of the Complaint, the Insureds DENY that
24  Associated is entitled to rescind the policy it issued to Geragos & Geragos.
25      14.  In answer to Paragraph 14 of the Complaint, to the extent a response to
26  this legal conclusion is deemed required, the Insureds DENY the allegations
27  contained therein.
28

## SECOND CLAIM FOR RELIEF

[Declaratory Judgment – 28 U.S.C. § 2201 – against Mark Geragos]

15. In answer to Paragraph 15 of the Complaint, Mr. Geragos reasserts and incorporates the Insureds' responses to Paragraphs 1–14 above by reference as if fully set forth herein.

16. In answer to Paragraph 16 of the Complaint, Mr. Geragos ADMITS that the parties have taken the coverage positions alleged in this paragraph and otherwise avers that this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Geragos DENIES the allegations contained therein.

17. In answer to Paragraph 17 of the Complaint, Mr. Geragos avers that the allegations in this paragraph constitute legal conclusions to which no response is warranted. To the extent a response is deemed required, Mr. Geragos DENIES the allegations contained therein.

## THIRD CLAIM FOR RELIEF

[Declaratory Judgment – 28 U.S.C. § 2201 – against Mark Geragos]

18. In answer to Paragraph 18 of the Complaint, Mr. Geragos reasserts and incorporates responses to Paragraphs 1–17 above by reference as if fully set forth herein.

19. In answer to Paragraph 19 of the Complaint, Mr. Geragos ADMITS that the parties have taken the coverage positions alleged in this paragraph and otherwise avers that this paragraph contains legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Geragos DENIES the allegations contained therein.

20. In answer to Paragraph 20 of the Complaint, Mr. Geragos avers that the allegations in this paragraph constitute legal conclusions to which no response is warranted. To the extent a response is deemed required, Mr. Geragos DENIES the allegations contained therein.

## AFFIRMATIVE DEFENSES

21. The Insureds further plead the following separate and additional defenses. By pleading these defenses, the Insureds do not in any way agree or concede that they have the burden of proof or persuasion on any of these issues. The Insureds reserve the right to assert such additional affirmative defenses as discovery indicates are necessary and proper.

### First Affirmative Defense
### (Unclean Hands)

22. Associated is barred from maintaining its Complaint and the causes of action therein because of its unclean hands with respect to the Policy, the events upon which its claims are based, and its conduct.

### Second Affirmative Defense
### (Waiver)

23. By conduct, representations, and omissions, Associated has waived, relinquished and/or abandoned any claim for relief against the Insureds respecting the matters that are the subject of the Complaint.

### Third Affirmative Defense
### (Estoppel)

24. By conduct, representations, and omissions, Associated is equitably estopped to assert any claim for relief against the Insureds respecting the matters that are the subject of the Complaint.

### Fourth Affirmative Defense
### (Laches)

25. Associated is barred from any recovery against the Insureds by reason of the doctrine of laches and undue delay in giving notice to the Insureds of the matters alleged in the Complaint and in commencing this litigation.

4
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

## Fifth Affirmative Defense

### (Failure to State a Claim)

26. Associated's Complaint and the causes of action therein fail to state a claim upon which relief can be granted.

## Sixth Affirmative Defense

### (Breach of Contract)

27. Associated is barred from any recovery against the Insureds by reason of its breach of the implied covenant of good faith and fair dealing.

## Seventh Affirmative Defense

### (Bad Faith)

28. Associated is barred from any recovery against the Insureds by reason of its tortious breach of the implied covenant of good faith and fair dealing and its bad-faith, unreasonable conduct.

## PRAYER FOR RELIEF

The Insureds deny that Plaintiff is entitled to judgment for the declaratory relief sought or costs or any other relief Plaintiff seeks in its Prayer for Relief. The Insureds further deny any allegations in Plaintiff's Prayer for Relief to which a response is deemed required.

WHEREFORE, the Insureds pray for judgment as follows:

1. That Associated's requested relief be denied and that any declaration confirm that Associated is not entitled to any relief;

2. That judgment be entered in favor of the Insureds and against Associated and that the Complaint be dismissed with prejudice;

3. For costs of suit incurred herein; and

4. For such other relief as the Court may deem equitable, just, and/or proper.

DATED: August 24, 2021  PASICH LLP

By: */s/ Shaun H. Crosner*
Shaun H. Crosner
Kayla M. Robinson

Attorneys for Defendants and Counterclaimants

## COUNTERCLAIMS BY THE INSUREDS

Pursuant to Federal Rule of Civil Procedure 13, Counterclaimants Geragos & Geragos, APC and Mark Geragos (collectively, the "Insureds") hereby allege their Counterclaims for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Declaratory Relief against Plaintiff and Counterclaim Defendant Associated Industries Insurance Company, Inc. ("Associated") and Counterclaim Defendant Arch Insurance Company ("Arch").

## NATURE OF THE ACTION

1. Arch and Associated each promised to defend and indemnify the Insureds against professional liability lawsuits to the full extent of their policy limits. Rather than doing so in connection with the *Franklin* lawsuit, however, each insurer has reneged or sought to renege on its duties, arguing that the claim is properly covered under another policy (or not covered at all). Making matters worse, without any legitimate or reasonable basis, Associated filed this lawsuit in a bad-faith attempt to rescind its policy—forcing its insureds to defend against yet another lawsuit, thereby diverting resources that should be focused on defending the *Franklin* lawsuit, which is ongoing. As shown below, at least one of these insurers owes a duty to defend Mr. Geragos in the ongoing *Franklin* Lawsuit, yet both are disclaiming that duty. The Insureds seek the Court's intervention to assure that Arch and Associated are not permitted to pass the buck to the detriment of their insureds.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1332. There is complete diversity between parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. This Court also has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367, as each claim is so related to claims within the Court's original jurisdiction that they form part of the same case or controversy.

7
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. Geragos & Geragos APC is a professional corporation organized and incorporated under the laws of the State of California with its principal place of business in California, and as such, is a citizen of California within the meaning of 28 U.S.C. § 1332(c)(1).

6. Mark Geragos is an individual residing and domiciled in California and, as such, is a citizen of California within the meaning of 28 U.S.C. § 1332. Mark Geragos is a principal of Geragos & Geragos APC.

7. On information and belief, Associated is a corporation organized under Florida law with its principal place of business in New York City.

8. On information and belief, Arch is a corporation organized under Missouri law with its principal place of business in New Jersey.

## THE POLICIES

9. Arch issued professional liability insurance policy number 11LPL10499103 to Geragos & Geragos for the August 27, 2018 to August 27, 2019 policy period (the "Arch Policy"). A true and correct copy of the relevant portions of the Arch Policy is attached as Exhibit A and incorporated by reference. The Arch Policy provides broad professional liability coverage for "**Claims**"—defined to include "demand[s] for money or services, or the filing of suit or institution of arbitration proceedings," Arch Policy, Form 05 LPL0002 05 04 17, § VIII.—against the Insureds "arising out of any negligent act, error, omission or **Personal Injury** in the rendering of or failure to render **Professional Services** for others," *id.* § I. Under the Arch Policy, Arch has "the right and duty to defend any suit against [the Insureds] seeking **Damages** to which this insurance applies even if any of the allegations of the suit are groundless, false or fraudulent." *Id.* § I. The Arch Policy

provides coverage for **Claims** made and reported to Arch "during the **Policy Period** or Extended Reporting Period." *Id.* Under the Arch Policy, a **Claim** is deemed as being first made at the earlier of the following times:

> A. When [Arch] first receives written notice . . . that a **Claim** has been made; or
>
> B. When [Arch] first receives written notice . . . of specific circumstances or a **Potential Claim** involving a particular person or entity which may result in a **Claim**.
>
> All **Claims** arising out of the same or related negligent act, error, omission or **Personal Injury** shall be considered as having been made at the time the first such **Claim** is made . . . .

*Id.* § V. Under the Arch Policy, the phrase "**Potential Claim**" is defined to mean "knowledge of any circumstances involving an individual person or entity that could result in a **Claim**." *Id.* § VIII.

10. Arch also insured the Insureds for the August 27, 2019 to August 27, 2020 policy period subject to materially similar terms.

11. Following the expiration of the 2019–20 Arch policy, Associated issued professional liability insurance policy number AES1191097 to Geragos & Geragos for the August 27, 2020 to August 27, 2021 policy period (the "Associated Policy"). A true and correct copy of the relevant portions of the Associated Policy is attached as Exhibit B and incorporated by reference. The Associated Policy provides broad professional liability coverage for claims against the Insureds arising out of "any actual or alleged negligent act, error, or omission committed or attempted in the rendering or failing to render **Professional Services** by any **Insured** [including Mr. Geragos] on behalf of" Geragos & Geragos. Ex. B, Associated Policy, Form AES PL 005 01 14, §§ 1.A, II.BB. Under the Associated Policy, Associated has "the right and duty to defend any **Claim** against the Insured to which this **Policy** applies, even if the allegations of the **Claim** are groundless, false, or fraudulent." *Id.* § I.C.

The Policy contains an exclusion for any **Claim** "based upon, arising out of, or attributable to any written demand, litigation, proceeding, administrative action or hearing known or reasonably foreseen by any **Insured** brought prior to or pending as of the Prior and Pending Litigation Date as stated in the Declarations, as well as any future litigation, proceeding, administrative action or hearing based upon any such pending or prior litigation, proceeding, administrative action or hearing or derived from the same or similar essential facts or circumstances underlying or alleged in any such pending or prior litigation, proceeding, administrative action or hearing." *Id.* § III.C. (as modified by Endorsement No. AES PL 145 08 16).

12. To the extent not waived or otherwise excused, the Insureds have complied with all terms and conditions precedent contained in the Arch and Associated Policies. Therefore, the Insureds are entitled to all benefits of insurance provided by those policies.

## THE *FRANKLIN* LAWSUIT

13. On or about October 1, 2020, Gary Franklin filed an action in California state court against Mr. Geragos titled *Franklin v. Geragos*, Los Angeles County Superior Court Case No. 20STCV377797 (the "*Franklin* lawsuit"). Mr. Franklin asserted causes of action for (1) fraud (concealment); (2) constructive fraud; (3) aiding and abetting fraud (misrepresentation); (4) aiding and abetting fraud (concealment); (5) aiding and abetting constructive fraud; (6) aiding and abetting breach of fiduciary duty; (7) breach of fiduciary duty; (8) legal malpractice; (9) negligent infliction of emotional distress; and (10) civil conspiracy. A true and complete copy of the complaint is attached as Exhibit C and incorporated by reference.

14. On or about May 17, 2021, Mr. Franklin filed a First Amended Complaint in the *Franklin* lawsuit, asserting causes of action for (1) fraud (concealment); (2) constructive fraud (3) aiding and abetting fraudulent misrepresentation; (4) aiding and abetting fraudulent concealment; (5) aiding and

1  abetting constructive fraud; (6) aiding and abetting breach of fiduciary duty; (7)
2  breach of fiduciary duty; (8) legal malpractice' and (9) civil conspiracy. A true and
3  complete copy of the complaint is attached as Exhibit D and incorporated by
4  reference.

5      15.    In his lawsuit, Mr. Franklin, a former client of Michael Avenatti,
6  alleged that Mr. Geragos participated in Mr. Avenatti's alleged attempt to extort
7  Nike Inc. using information obtained through Avenatti's representation of Mr.
8  Franklin. Franklin alleged that, on or about March 12, 2019, Avenatti invited Mr.
9  Geragos "to team up in the representation" of Mr. Franklin and that Mr. "Geragos
10 readily agreed." Ex. D, *Franklin* Amended Complaint, ¶ 18. Mr. Franklin alleged
11 that, without his knowledge, Mr. Geragos and Mr. Avenatti threatened Nike that
12 they would hold a press conference to publicly reveal potentially damaging
13 information about Nike unless Nike paid $1.5 million to Franklin and hired Mr.
14 Avenatti and Mr. Geragos to conduct an internal investigation of Nike. *Id.* ¶ 23.
15 Franklin also alleged, among other things, that Mr. Geragos had formed an attorney-
16 client relationship with Franklin, which he had breached as part of his alleged
17 participation in the extortion scheme. *See, e.g.*, *id.* ¶¶ 43, 50, 68, 79, 89, 97, 103–
18 106.

19     16.    The Insureds deny the material allegations of the *Franklin* Lawsuit.

20 **THE COVERAGE DISPUTE**

21     17.    Mr. Geragos promptly tendered the *Franklin* Lawsuit to both Arch and
22 Associated. By letter dated January 8, 2021, Associated agreed to defend Mr.
23 Geragos under a purported reservation of rights. Among other things, Associated
24 purported to "reserve[] the right to disclaim or to rescind or reform the [Associated
25 Policy] in whole or in part in reliance on the representations and warranties
26 contained in the renewal application [Mr. Geragos] signed on August 1, 2020."
27 Associated lacked any legitimate basis to threaten rescission and, on information
28 and belief, had not performed a good faith, meaningful investigation prior to falsely

accusing its insured of misrepresentations or misstatements in the renewal application.

18. Making matters worse, after unjustifiably threatening to rescind the Associated Policy and lobbing false accusations against its insured, Associated proceeded to put undue pressure on Mr. Geragos to settle the *Franklin* lawsuit. Under the terms of the Associated Policy, and as Associated knows, Associated cannot settle the *Franklin* claim without Mr. Geragos's consent. On information and belief, Associated's persistent pressure to settle—particularly in light of its rescission threat—was motivated by Associated's financial self-interest and its desire to avoid having to pay for the defense of the *Franklin* lawsuit. In elevating its interests above those of the Insureds (who, as Associated was well aware, vehemently contested—and continue to contest—their liability to Mr. Franklin), Associated acted in bad faith.

19. When Mr. Geragos refused to bend to Associated's pressure to settle the *Franklin* lawsuit, Associated followed through on its threat and filed this lawsuit. By its March 3, 2021 Complaint, Associated seeks to rescind its policy and to repudiate its duty to defend Mr. Geragos, claiming that the Insureds "materially misrepresented or concealed material facts in the process of applying for the Associated policy"—specifically, that Mr. Geragos "misrepresent[ed] knowledge of facts and circumstances that could result in a claim being made against" Mr. Geragos. ECF No. 1, Associated Complaint, ¶ 12. Associated claims, in the alternative, that coverage is barred by a "Modified Prior & Pending" litigation exclusion. *See id.* ¶¶ 6, 19.

20. Associated did not immediately serve its complaint. Instead, in the ensuing weeks and months, Associated continued to put undue and unwarranted pressure on Mr. Geragos to settle the *Franklin* lawsuit, at times even expressly referencing the fact that the defense of the case would be costly. Notwithstanding Associated's pressure and the looming prospect of coverage litigation, the Insureds

12
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

maintained their refusal to settle the *Franklin* lawsuit—an ongoing lawsuit that the Insureds contend is meritless.

21. As the above timeline makes clear, Associated's unsubstantiated and unjustified threat of rescission (and its subsequent follow-through) was motivated by self-serving considerations, namely Associated's desire to strong-arm Mr. Geragos into settling the *Franklin* claim in a manner that would advance Associated's interests rather than the Insureds' interests.

22. Meanwhile, Arch denied coverage, contending in coverage correspondence that "[t]he Franklin claim was first made well after [the] last Arch Policy expired and therefore could not be covered by Arch." Arch, in its coverage correspondence, noted that Mr. Geragos had given notice to Arch in 2019 of the criminal investigation by the Department of Justice that led to Mr. Avenatti's indictment. Arch contended that there was, at that time, no **Claim** or **Potential Claim** as defined by the Arch Policy. Thus, according to Arch, there is no coverage under the Arch Policy because Mr. Geragos's knowledge of the DOJ investigation did not portend the *Franklin* Lawsuit.

23. As a result, despite having been insured for the entirety of the relevant time frame, and despite having timely reported the *Franklin* Lawsuit and the preceding criminal investigation, Mr. Geragos's insurers both dispute coverage. Put simply, both insurers cannot be correct. One of these insurers has a duty to defend Mr. Geragos against the *Franklin* Lawsuit.

24. Moreover, regardless of which insurer is obligated to cover the *Franklin* lawsuit, Associated has acted in bad faith in unreasonably threatening and seeking to rescind its policy. Associated lacks any legitimate basis to seek rescission and, on information and belief, Associated sought rescission without performing a good-faith investigation and without having a good-faith basis to lob false accusations against its insureds. Through this conduct, Associated has breached the

implied covenant of good faith and fair dealing in its policy, and its bad faith has caused, and is causing, the Insureds to suffer considerable damage.

## FIRST COUNTERCLAIM
### (Breach of Contract – The Insureds against Associated)

25. The Insureds reallege and incorporate by reference paragraphs 1 through 24 above.

26. Implied in the Associated Policy is a covenant that Associated would act in good faith and deal fairly with the Insureds, would do nothing to interfere with the right of the Insureds to receive benefits due under the Associated Policy, and would give at least the same level of consideration to the Insureds' interests as it gave to its own interests. Associated also had and has a duty not to threaten to withhold benefits due under the Associated Policy, maliciously and without probable cause, for the purpose of injuring its insureds by depriving them of the benefits of the Associated Policy.

27. Associated breached the Associated Policy by, among other things,
    a. unreasonably threatening and asserting grounds for rescinding the Associated Policy that it knows are not supported by, and in fact are contrary to the law, insurance industry custom and practices, and the facts;
    b. unreasonably seeking to pressure Mr. Geragos to settle the *Franklin* claim to advance Associated's interests at the expense of its Insureds' interests;
    c. otherwise giving greater consideration to its own interests than it gave the Insureds' interests;
    d. threatening to rescind, and subsequently seeking to rescind, the Associated Policy without first performing a good-faith investigation regarding its position and without having a reasonable or legitimate basis to threaten or seek rescission; and

14
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

   e. otherwise refusing to perform its duties under the Associated Policy.

28. As a direct and proximate result of Associated's contractual breaches, the Insureds have sustained and continue to sustain damage in an amount to be proven at trial, plus interest thereon at the legal rate.

## SECOND COUNTERCLAIM

### (Breach of the Implied Covenant of Good Faith and Fair Dealing – The Insureds against Associated)

29. The Insureds reallege and incorporate by reference paragraphs 1 through 24, and 26 through 27 above.

30. Implied in the Associated Policy is a covenant that Associated would act in good faith and deal fairly with the Insureds, would do nothing to interfere with the right of the Insureds to receive benefits due under the Associated Policy, and would give at least the same level of consideration to the Insureds' interests as it gave to its own interests. Associated also had and has a duty not to threaten to withhold benefits due under the Associated Policy, maliciously and without probable cause, for the purpose of injuring the Insureds by depriving them of the benefits of the Associated Policy.

31. Instead of complying with these duties, Associated acted in bad faith by, among other things,

  a. unreasonably threatening and asserting grounds for rescinding the Associated Policy that it knows are not supported by, and in fact are contrary to the law, insurance industry custom and practices, and the facts;

  b. unreasonably seeking to pressure Mr. Geragos to settle the *Franklin* claim to advance Associated's interests at the expense of its Insureds' interests;

  c. otherwise giving greater consideration to its own interests than it gave the Insureds' interests;

      d. threatening to rescind, and subsequently seeking to rescind, the Associated Policy without first performing a good-faith investigation regarding its position and without having a reasonable or legitimate basis to threaten or seek rescission; and

      e. otherwise acting as alleged above.

32. In breach of the implied covenant of good faith and fair dealing, Associated did the things and committed the acts alleged above for the purpose of consciously attempting to withhold from the Insureds the rights and benefits to which they were and are entitled under the Associated Policy and California law.

33. Associated's acts are contrary to established insurance industry custom and practice, are contrary to legal requirements, are contrary to the terms of the Associated Policy, and constitute bad faith.

34. As a direct and proximate result of Associated's breach of the implied covenant of good faith and fair dealing, the Insureds have sustained damages in an amount to be proven at trial, plus interest at the legal rate. Also, pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), the Insureds are entitled to recover all attorneys' fees that they have reasonably incurred, and continue to incur, in defending Associated's baseless and bad-faith rescission claim. The Insureds are also entitled to interest thereon at the maximum legal rate.

35. The Insureds are informed and believe, and on that basis allege, that Associated—acting through one or more if its officers, directors, or other corporate employees with substantial independent and discretionary authority over significant aspects of Associated's business—performed, authorized, and/or ratified the bad-faith conduct alleged above.

36. Associated's conduct is despicable and has been done with a conscious disregard of the Insureds' rights, constituting oppression, fraud, and/or malice. Associated has engaged in a series of acts designed to attempt to deny the Insureds the benefits due under the Associated Policy. Specifically, Associated, by acting as

16
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

alleged above, in light of information, facts, and relevant law to the contrary, consciously disregarded the Insureds' rights and is forcing the Insureds to incur costs, thereby inflicting substantial financial damage on the Insureds. Associated ignored the Insureds' interests and concerns with the requisite intent to injure within the meaning of California Civil Code section 3294. Therefore, the Insureds are entitled to recover punitive damages from Associated in an amount sufficient to punish and to make an example of Associated and to deter similar conduct in the future.

## THIRD COUNTERCLAIM

### (Declaratory Relief – Mr. Geragos against Arch and Associated)

37. Mr. Geragos realleges and incorporates by reference paragraphs 1 through 24 above.

38. An actual and justiciable controversy exists between Mr. Geragos, Arch, and Associated for purposes of the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* Mr. Geragos contends that Associated has a duty to defend and indemnify Mr. Geragos with respect to the *Franklin* Lawsuit. Mr. Geragos further contends that, if Associated is found not to owe a duty to defend and indemnify Mr. Geragos in the *Franklin* Lawsuit, then that necessarily means that Arch is obligated to defend and indemnify Mr. Geragos in connection with the matter. Associated and Arch, on the other hand, both dispute any obligation to defend or indemnify Mr. Geragos in the *Franklin* Lawsuit.

39. Accordingly, declaratory relief is necessary to determine the parties' rights and obligations. A declaration is necessary at this time so that the parties' dispute may be resolved and that the parties may be aware of their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimants pray for relief as follows:

### ON THE FIRST COUNTERCLAIM

1. For damages according to proof at the time of trial, plus interest;

### ON THE SECOND COUNTERCLAIM

2. For damages according to proof at the time of trial, including reasonable attorneys' fees incurred in obtaining and securing the benefits due under the Associated Policy, plus interest;

3. For punitive damages in an amount to be determined at the time of trial;

### ON THE THIRD COUNTERCLAIM

4. For a declaration in accord with Mr. Geragos's contentions stated above;

### ON ALL COUNTERCLAIMS

5. For costs of suit herein; and

6. For such other, further, and/or different relief as may be deemed just and proper.

DATED: August 24, 2021    PASICH LLP

By: */s/ Shaun H. Crosner*
Shaun H. Crosner
Kayla Robinson

Attorneys for Defendants and Counterclaimants

## JURY DEMAND

Defendants and Counterclaimants hereby demand a trial by jury on all issues triable to a jury in this case.

DATED: August 24, 2021          PASICH LLP

By: */s/ Shaun H. Crosner*
Shaun H. Crosner
Kayla Robinson

Attorneys for Defendants
and Counterclaimants

---

19
**FIRST AMENDED ANSWER AND COUNTERCLAIMS**