JAMES C. NIELSEN (111889)
 jnielsen@nkllp.law
DANIEL N. KATIBAH (293251)
 dkatibah@nkllp.law
NIELSEN KATIBAH LLP
100 Smith Ranch Road, Suite 350
San Rafael, California 94903
T: (415) 693-0900; F (415) 693-9674

Attorneys for Associated Industries Insurance Company, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation,<br><br>　　　　Plaintiff,<br>　　v.<br><br>GERAGOS & GERAGOS, APC, a California professional corporation; and MARK GERAGOS, an individual,<br><br>　　　　Defendants. | No. 2:21-cv-01963-DMG-KS<br><br>**JOINT CASE MANAGEMENT STATEMENT – FED. R. CIV. P. 26(f)**<br><br>CONF. DATE: 1/7/2022<br>CONF. TIME: 9:30 A.M.<br><br>HON. DOLLY M. GEE |
| GERAGOS & GERAGOS, APC, a California professional corporation; and MARK GERAGOS, an individual,<br><br>　　　　Counter-claimants,<br>　　v.<br><br>ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a Florida corporation; and ARCH INSURANCE COMPANY, a Missouri corporation,<br><br>　　　　Counter-defendants. | |

1

Plaintiff/counter-defendant Associated Industries Ins. Co., Inc., defendants/counter-claimants Mark Geragos and Geragos & Geragos, APC (referred to as "the Insureds" unless otherwise noted), and counter-defendant Arch Insurance Company submit the following report under Fed. R. Civ. P. Rule 26(f) and the Court's November 15, 2021, order regarding the scheduling conference (Dkt. 42.)

The parties previously discussed these topics on October 4, 2021, to discuss preparation of a Rule 26 report when the case was assigned to District Judge Klausner's chambers. Drafts were exchanged via email until the parties, through counsel, agreed to a final version. This report supplements the prior report and was agreed to by all parties.

1. **Jurisdiction and Service**

This is a civil action of which the Court has original jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Associated filed and served its complaint against the Insureds. The Insureds answered and counterclaimed against Associated and Arch before amending that pleading. Associated responded to the amended counterclaims with a motion to dismiss under Rule 12(b)(6) (which remains pending), and Arch answered.

2. **Background**

This insurance lawsuit arises from an underlying case in the Los Angeles Superior Court, captioned *Franklin v. Geragos*, Case No. 20STCV37797, in which Mark Geragos is named as a defendant. The *Franklin* complaint alleges misuse of confidential client information and asserts multiple causes of action against Mr. Geragos, including fraud, civil conspiracy, and professional malpractice. The plaintiff, Gary Franklin, has alleged that Mark Geragos acted in concert with

Michael Avenatti to extort Nike, Inc., by attempting to leverage information Avenatti learned from a client into a multi-million dollar payout from Nike. Avenatti was indicted and prosecuted by federal authorities, eventually convicted, and sentenced to a term in federal prison. According to the *Franklin* complaint, Mr. "Geragos was referenced throughout [Avenatti's initial] indictment as Avenatti's 'co-conspirator' in the scheme," and "[a] superseding indictment was eventually filed on November 13, 2019, which removed allegations regarding the 'co-conspirator' after Geragos voluntarily participated in two proffers with the government." According to the *Franklin* plaintiff, Geragos's and Avenatti's actions caused him to lose a $1.5 million settlement offer from Nike and, because the incident with was highly publicized in the national media, caused additional reputational and business damages.

Arch and Associated issued a series of professional liability insurance policies to Geragos & Geragos as named insured under which Mr. Geragos also qualifies as an insured in certain circumstances, with Arch insuring Geragos & Geragos through August 27, 2019, and Associated insuring Geragos & Geragos from August 27, 2019, to August 27, 2021. The Insureds tendered the *Franklin* lawsuit to Arch and Associated. Arch denied coverage on the grounds that the *Franklin* claim was made and reported after expiration of the last policy issued by Arch to Geragos & Geragos. Associated accepted the defense under reservation of rights in January 2021, and has defended the case since inception.

Per its reservation, however, Associated contended that it owed no duty to defend *Franklin* on two grounds. First, Associated contended that a policy exclusion bars coverage. Second, Associated contended that its policy should be rescinded on grounds of two material misrepresentations in Geragos & Geragos's insurance applications. The gist of the rescission issue is that the insurance application did not disclose the Avenatti/Geragos/Nike situation, which Associated

contends was required by two discrete questions in the application. The Insureds dispute that they had any obligation or reason to disclose these circumstances to Associated in its application.

In March 2021, Associated filed this lawsuit for declaratory and equitable relief against the Insureds. Associated asks for a no-duty-to-defend declaratory judgment based on the aforementioned exclusion, a judgment of rescission, and a corresponding declaratory judgment that no duty to defend exists in the event the policy is rescinded.

Geragos answered Associated's complaint in early August 2021, and at the same time counterclaimed asking for a declaratory judgment that a duty to defend is owed by either Associated or, in the alternative, Arch. Geragos also asserted two counterclaims against Associated alone for breach of its insurance policy and breach of the implied covenant of good faith and fair dealing (bad faith). After meeting and conferring with Associated's counsel about a motion to dismiss and an anti-SLAPP motion, the Insureds amended their counterclaims. Associated moved under Rule 12(b)(6) to dismiss the amended counterclaims, and that motion remains pending. After Associated filed its motion, Arch appeared for the first time by answering Geragos's counterclaims.

### 3. Legal Issues

The predominant legal issue raised by Associated's claims is whether Associated owes a duty to defend the *Franklin* lawsuit. Associated contends it does not on two grounds. First, Associated contends it is entitled to rescind the policy it issued to Geragos & Geragos such that, as a matter of law, the policy was void *ab initio* meaning no duties were ever owed under the policy. Second, Associated contends that, irrespective of the rescission issue, its policy contains an exclusion that removes any duty to defend or indemnify *Franklin*.

The Insureds contend that either Associated or Arch owes a duty to defend

the *Franklin* lawsuit. Their breach and bad-faith counterclaims also raise the question of whether Associated breached the covenant of good faith and fair dealing implied in the Associated policy.

### 4.     Amendment of Pleadings

After meeting-and-conferring about two potential motions of Associated's—a motion to dismiss and an anti-SLAPP motion—the Insureds amended their initial answer and counterclaims. The parties do not anticipate any further amendment of the pleadings at this time, except in the event the Court grants Associated's pending motion to dismiss the amended counterclaims with leave to amend.

### 5.     Evidence Preservation

The parties certify that they have reviewed the checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information.

### 6.     FRCP 26(f) Meeting & Initial Disclosures

The Fed. R. Civ. P. 26(f) conference was held telephonically on October 4, 2021, with Daniel Katibah on behalf of Associated, Kayla Robinson on behalf of Geragos, and Lynn O'Leary on behalf of Arch. The parties exchanged initial disclosures in October 2021.

### 7.     Discovery Plan – Rule 26(f)(3)

A.    The parties do not believe any changes to Rule 26(a) are necessary at this time. As noted, the parties will all serve initial written disclosures on or before October 25, 2021.

B.    Associated does not presently intend to take expansive discovery relating to its affirmative claims, but reserves the right to take full discovery on Geragos's counterclaims if the counterclaims survive the pleading stage. The scope of what this discovery will be is presently unclear. At this time, the parties do not know if discovery on the underwriting of Associated's policy will be required. Discovery should not be conducted in phases and the parties do not

believe the Court need impose any limitations on the scope of discovery. As explained below, the Insureds may seek a stay pursuant to *of Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993). In the absence of a stay, the Insureds believe that discovery should proceed and should not be conducted in phases.

      C.    There are no issues or problems with Electronically Stored Information known to the parties at this time.

      D.    Per Fed. R. Civ. P. Rule 26(f)(3)(D), the parties agree that each party shall log privileged work and/or work product documents in accordance with Fed. R. Civ. P. Rule 26(b)(5)(A). The parties will discuss as needed the filing of a protective order and an ESI protocol to more specifically address privilege issues, including any inadvertently produced information.

      E.    No changes as to the discovery limitations imposed by the Federal Rules of Civil Procedure or the Central District of California's Local Rules is required.

      F.    The parties are not aware at this time of any orders the Court needs to issue under Rule 16(b) or (c), or Rule 26(c).

**8.**    **Other Orders and Miscellaneous**

The parties may discuss as needed the filing of a proposed protective order to govern the exchange and disclosure of confidential information in this case and other related issues. The parties agree to service by email of all materials required to be served under Fed. R. Civ. P. Rule 5 and that no hard copies need be sent.

The Insureds may seek a stay pursuant to *of Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287 (1993), on the grounds that the litigation of this action may prejudice live issues pending in the underlying case. Associated will oppose any such motion.

**9.    Manual for Complex Litigation**

This case is not complex and the parties do not believe the Manual for Complex Litigation should be utilized in this case.

**10.   Dispositive Motions and Scheduling**

Associated has filed a motion to dismiss two of Geragos's counterclaims without leave to amend. Associated also plans to file a summary-judgment motion promptly after the motion to dismiss is adjudicated. Associated contends that all issues raised in its complaint are suitable for disposition via summary-judgment motion and that the Insureds' counterclaims may all likewise be disposed of via summary judgment.

The Insureds do not anticipate filing any dispositive motions at this time, although they may file a motion for partial summary judgment as to certain claims or defenses.

Arch intends to file a motion for summary judgment.

The proposed deadlines by which all dispositive or partially dispositive motions are to be filed is set forth in the proposed case schedule below.

**11.   Settlement & ADR**

The Insureds and Associated are presently discussing a settlement that, if agreed to, would terminate the need for further litigation.

Per Local Rule 16-15.4, all parties agree that, to the extent this matter is amenable to alternative dispute resolution, private mediation is the ADR method best suited for resolving of this matter.

**12.   Trial Estimate & bifurcation**

All parties have requested a jury trial, as to their own claims and as to the claims against them (except for Associated as to Geragos's counterclaims; Associated has not answered as its motion to dismiss remains pending, and Associated will request a jury trial in its answer if made to do so). The parties

7

JOINT CASE MANAGEMENT STATEMENT

estimate trial on all causes of action will require 5-7 court days.

The parties have not discussed severance or bifurcation at this time.

### 13. Additional Parties

The parties are not presently aware of any additional parties, but each reserves the right to add further parties if discovery discloses facts justifying the addition.

### 14. Expert Witnesses

The proposed deadline for expert disclosures under is set out in the proposed case schedule below.

### 15. Scheduling

The parties served initial disclosures in October 2021. The parties propose the following additional dates and deadlines:

| | |
|---|---|
| Amend pleadings | April 1, 2022 |
| Fact discovery, including depositions | May 30, 2022 |
| Serve opening expert reports | May 30, 2022 |
| Serve rebuttal expert reports | June 21, 2022 |
| Expert discovery | July 30, 2022 |
| File motions | September 30, 2022 |
| Hear motions | December 9, 2022 |
| Settlement conference | January 3, 2023 |
| Motion in limine filing | January 10, 2023 |
| Motion in limine opposition | January 17, 2023 |
| Final pretrial conference | January 31, 2023 |
| Trial | March 7, 2023 |

### 16. Magistrate jurisdiction

The parties do not consent to have a magistrate preside over this entire

action under 28 U.S.C. § 636.

**17.   Trial Counsel:**

Trial counsel for Associated are Daniel Katibah (lead counsel) and James Nielsen, as listed in this report's caption.

Trial counsel for Geragos are Shaun Crosner (lead counsel) and Kayla Robinson of Pasich LLP.

Trial counsel for Arch is Lynn O'Leary of Musick Peeler & Garrett LLP.

**18.   Independent Expert of Master**

Not applicable

**19.   Other Issues**

Not applicable

Signatures next page.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | December 21, 2021 | NIELSEN KATIBAH LLP |
| 3 |  | By: /s/ Daniel N. Katibah |
| 4 |  |  |
| 5 |  | Daniel N. Katibah |
| 6 |  | Attorneys for Plaintiff/Counter-defendant Associated Industries Ins. Co., Inc. |
| 7 |  |  |
| 8 | December 21, 2021 | PASICH LLP |
| 9 |  | By: /s/ Kayla M. Robinson |
| 10 |  |  |
| 11 |  | Kayla M. Robinson |
| 12 |  | Attorneys for Defendants/Counter-claimants Geragos & Geragos, APC & Mark Geragos |
| 13 |  |  |
| 14 | December 21, 2021 | MUSICK, PEELER & GARRETT, LLP |
| 15 |  | By: /s/ Lynn A. O'Leary |
| 16 |  |  |
| 17 |  | Lynn A. O'Leary |
| 18 |  | Attorneys for Counter-defendant Arch Insurance Company |

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)**

**Pursuant to Local Rule 5-4.3.4(a)(2)(i)**, I hereby attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's context and have authorized this filing.

December 21, 2021                                   By: /s/   Daniel N. Katibah

Judge Dolly M. Gee

**SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET**

Case No. _____   Case Name: _____

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL**  [ ] Court   [ ] Jury<br><br>Duration Estimate: | <br><br>(Tuesday)[3] | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | <br><br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | |
| Non−Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | |
| Settlement Conference Completion Date | at least 4 wks before FPTC | |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | | |

**EXHIBIT A**

---

[3]   Trials commence on Tuesdays. Final pretrial conferences are held on Tuesdays.

6