UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-1963-DMG (KSx) | Date | February 15, 2022 |
| Title | *Associated Industries Insurance Company, Inc. v. Geragos and Geragos, APC, et al.* | Page | 1 of 6 |

Present: The Honorable  **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIMS [30]**

On March 3, 2021, Plaintiff and Counter-Defendant Associated Industries Insurance Company Inc. ("Associated") filed a Complaint against Defendant and Counterclaimants Mark J. Geragos ("Geragos") and his law firm Geragos and Geragos APC ("Geragos APC") (collectively, "Insureds"), asserting three claims for equitable relief:  (1) rescission of Associated's insurance policy with Insureds; (2) declaratory judgment that Associated owes no duty to defend Geragos in an underlying lawsuit because it is entitled to rescind its policy; or, in the alternative, (3) declaratory judgment that Associated has no duty to defend Geragos in the underlying lawsuit based on a policy exclusion.  [Doc. # 1.]  On August 24, 2021, Insureds filed a First Amended Answer and Counterclaims ("FAC"), asserting three counterclaims for (1) contractual breach of the covenant of good faith and fair dealing against Associated; (2) tortious breach of the covenant of good faith and fair dealing against Associated; and (3) declaratory judgment that Associated is obligated to defend and indemnify Geragos in the underlying lawsuit or, in the alternative, that Arch Insurance Company[1] ("Arch") is obligated to do so.  [Doc. # 23.]

On September 7, 2021, Associated filed the instant Motion to Dismiss Insureds' first and second counterclaims for failure to state a claim ("MTD").  [Doc. # 30.]  The motion is fully briefed.  [Doc. ## 33, 34.]  For the following reasons, the Court **GRANTS** the MTD.

**I.
FACTUAL BACKGROUND**

Associated agreed to provide professional liability insurance (the "Policy") to Geragos APC, effective August 27, 2020 to August 27, 2021.  *See* FAC, Ex. B (Policy) [Doc. # 23-2]. The Policy insures firm partners like Geragos for any acts made "within the scope of their duties

---

[1] Arch provided Insureds with professional liability insurance between August 27, 2018, and August 27, 2020.  Insureds joined Arch as a counter defendant to Insureds' third counterclaim for declaratory judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-1963-DMG (KSx)** | Date | February 15, 2022 |
|---|---|---|---|
| Title | ***Associated Industries Insurance Company, Inc. v. Geragos and Geragos, APC, et al.*** | Page | 2 of 6 |

. . . in rendering Professional Services." *Id.* at 20.[2] Under the Policy, Associated agreed to pay "Damage and Claim Expenses" that any "insured shall become legally obligated to pay as a result of a Claim . . . for a Wrongful Act." *Id*. at 18. The Policy defines a "Claim" as including a civil lawsuit. *Id*. at 19. Claim expenses include, among other things, "reasonable and necessary" defense attorney's fees. *Id*. "Damages" include "any compensatory sum which the insured becomes legally obligated to pay." *Id*. at 20. Further, the Policy also states that Associated "shall have the right and duty to defend" civil lawsuits "even if the allegations . . . are groundless, false, or fraudulent." *Id*. at 18.

The case at bar arises out of an action filed against Geragos entitled *Franklin v. Geragos* (the "*Franklin* suit"). In the *Franklin* suit, the plaintiff asserted various claims against Geragos based on Geragos's alleged involvement in a conspiracy to extort Nike. *See* FAC ¶¶ 13-15. Insureds tendered the *Franklin* suit to Associated under the Policy. *Id.* at ¶ 17. Associated agreed to defend Geragos but sent a reservation of rights letter ("Reservation Letter") reserving "the right to disclaim or to rescind or reform the [Policy] in whole or in part in reliance on the representations and warranties contained in the renewal application [Geragos] signed on August 1, 2020." *Id*.

Insureds allege that (1) the Reservation Letter constituted a threat to rescind the Policy made without any legitimate basis, on which Associated ultimately followed through by filing this lawsuit; (2) Associated failed to adequately investigate the claim before sending the Reservation Letter or filing suit; and (3) Associated used the Reservation Letter as leverage to pressure Geragos into settling the *Franklin* suit. *Id.* at ¶¶ 17-21, 24.

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] All page references herein are to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-1963-DMG (KSx)** | Date | February 15, 2022 |
|---|---|---|---|
| Title | ***Associated Industries Insurance Company, Inc. v. Geragos and Geragos, APC, et al.*** | Page | 3 of 6 |

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* (citing *Twombly*, 550 U.S. at 555). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*.

## III.
## DISCUSSION

Insureds assert three counterclaims against Associated, of which Associated moves to dismiss the first two, for breach of contract and breach of the implied covenant of good faith and fair dealing.³ Though Insureds assert breach of contract and breach of the implied covenant as two separate claims, the FAC indicates that the breach of contract claim is also premised on a breach of the implied covenant of good faith and fair dealing. *See* FAC ¶ 26.

"The law implies in every contract, including insurance policies, a covenant of good faith and fair dealing." *Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 720 (2007) (internal quotations omitted). This implied contractual term requires parties to "refrain from doing anything to injure the right of the other to receive the agreement's benefits. To fulfill its implied obligation, an insurer must give at least as much consideration to the interests of the insured as it gives to its own interests." *Id.* Breach of an express term of the contract is not a prerequisite. *Carma Devs. (Cal.), Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992). Insureds must allege facts indicating the insurer's conduct was unreasonable, and conclusory allegations asserting a defendant acted "unreasonably" do not suffice. *Id.* An action for an insurer's breach of the covenant "sounds in both contract and tort." *Hamilton v. Md. Cas. Co.*, 27 Cal. 4th 718, 725 (2002) (internal quotations omitted).

"[T]here are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990). Insureds concede that Associated has in fact provided coverage under the Policy by defending the *Franklin* suit, albeit subject to a reservation of rights and pending the outcome of this lawsuit. Therefore, it cannot have breached the implied covenant. *See Everett v. State Farm Gen. Ins. Co.*, 162 Cal. App. 4th 649, 663 (2008) ("State Farm paid all benefits to which Everett was entitled under her policy. Because there was no breach of contract, there was no breach of the implied covenant."). While it is true that

---

³ The third counterclaim—for a declaration that Associated is obligated to indemnify and defend Insureds in the *Franklin* suit—is not at issue in this Motion.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 21-1963-DMG (KSx)** | Date | February 15, 2022 |
| Title | *Associated Industries Insurance Company, Inc. v. Geragos and Geragos, APC, et al.* | Page | 4 of 6 |

Associated need not have breached an express term of the contract for Insureds to state a claim for bad faith, Associated still must have broadly denied Insureds the full benefits guaranteed under the contract. Insureds have not sufficiently alleged that Associated has to date failed to provide the full benefits of the contract.

Sending a reservation of rights letter does not amount to a breach of an insurance policy or bad faith, nor does filing suit for rescission or a declaration of non-coverage while still providing coverage in the interim. *Truck Ins. Exch. v. Superior Ct.*, 51 Cal. App. 4th 985, 994 (1996) ("[T]he insurer may defend the action under a reservation of rights: . . . While the underlying action is pending, the carrier can file an action for declaratory relief and attempt to obtain a declaration that no duty to defend or indemnify exists. Such a determination would allow it to withdraw from the defense without subjecting the carrier to a claim of breach of contract or bad faith."); *Old Republic Ins. Co. v. FSR Brokerage, Inc.*, 80 Cal. App. 4th 666, 688 (2000) (when "the insured does not dispute that its claim has been fully and promptly paid," "the insured cannot contend that it has been denied the security against losses and third party liability that it purchased under the express terms of the policy, and the only uncertainty the insured faces is whether the insurer is entitled to recover some or all of the policy proceeds in a judicial proceeding"). Such a claim would be barred by the litigation privilege, which precludes liability arising from the filing of a lawsuit. *Old Republic*, 80 Cal. App. 4th at 688; *see also Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1249 (2007) ("We contemplate no communication that is more clearly protected by the litigation privilege than the filing of a legal action."). To the extent Insureds contend that Associated sued for rescission without valid basis, their remedy is in a claim for malicious prosecution, which cannot be brought as a counterclaim in the same underlying lawsuit. *See Kenne v. Stennis*, 230 Cal. App. 4th 953, 965 (2014) (malicious prosecution claim is the only exception to the litigation privilege); *Lane v. Bell*, 20 Cal. App. 5th 61, 64 (2018) (required element of malicious prosecution claim is that "the underlying action was terminated on the merits in favor of the defendant").

Insureds cite *Northland Cas. Co. v. Wescal Yachts, Inc.*, 60 F. Supp. 2d 1027 (C.D. Cal. 1999), for the notion that "California law allows defendants in an action for rescission to file a counterclaim for breach of the implied covenant where there is no valid ground for the recission [sic]," which the *Northland* court contended was not limited "to circumstances in which the insurer had made no payments under the policy." *Id.* at 1028-29. The *Northland* court reached this conclusion by citing only to *dictum* in a footnote (which the *Northland* court erroneously characterized as a holding) in *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169 (1988). The *Sogomonian* court, after concluding that the insured's right to bring certain claims against the insurer extinguished upon rescission, opined that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-1963-DMG (KSx)** | Date | February 15, 2022 |
|---|---|---|---|
| Title | ***Associated Industries Insurance Company, Inc. v. Geragos and Geragos, APC, et al.*** | Page | 5 of 6 |

> Our conclusion here should not result in an assumption by insurers that policy liability can, with impunity, be avoided or delayed by assertion of a claim for rescission. That is a tactic which is fraught with peril. Where no valid ground for rescission exists, the threat or attempt to seek such relief may itself constitute . . . a breach of the covenant of good faith and fair dealing.

*Id.* at 184-85, n.16.

This statement does not stand for the principle that a suit for rescission on its own can lead to a bad-faith claim even when the insurer has fully paid the benefits owed under the policy. It states that coverage liability cannot "be avoided or delayed" by such a lawsuit. When the insurer continues to provide coverage during the pendency of the rescission suit, liability has not been avoided or delayed. To the extent *Northland* stands for the notion that an insurer's suit for rescission alone, even while coverage is provided, breaches the covenant of good faith and fair dealing, this Court finds it unpersuasive.

Other than the Reservation Letter and this lawsuit, the only other conduct alleged of Associated is a failure to perform a meaningful investigation of the underlying *Franklin* claims and unduly pressuring Insureds into settlement. As for the failure to investigate, Insureds fail to cite—and the Court is unaware of—any authority supporting its assertion that an insurer is required to investigate before defending an underlying claim under a reservation of rights, or before its own declaratory judgment or rescission action, as opposed to before actually denying benefits.[4] Insureds have also not alleged that Associated's purported failure to investigate has led to an inadequate defense of the *Franklin* lawsuit.

The alleged unwarranted pressure to settle could *possibly* amount to breach of the implied covenant, to the extent it undermined Associated's obligation to defend the *Franklin* lawsuit in good faith and in Insureds' best interest. But on this point, Insureds merely allege in repetitive and conclusory fashion that Associated used the threat of rescission to "pressure" or "strong-arm" Insureds to settle. *Id*. at ¶¶ 18, 20, 21. These mere conclusions are not entitled to the assumption of truth—Insureds allege no *facts*, such as what Associated may have said that

---

[4] Insureds cite *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 818–19 (1979); *Wilson.*, 42 Cal. 4th at 720–21; *Betts v. Allstate Ins. Co.*, 154 Cal. App. 3d 688, 707 (1984); and *Parker v. Fid. Sec. Life Ins. Co.* Case No. CIV F 06-654 (AWI) (DLB) 2006 WL 2190956 (E.D. Cal. August 1, 2006). None of these cases support their contention. These cases only require an insurer to investigate an insured's claim before denying benefits or refusing a settlement offer within policy limits. Associated has not denied benefits. Moreover, Insureds assert that Associated urged Insureds to settle. Therefore, these cases are inapposite.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 21-1963-DMG (KSx) | Date | February 15, 2022 |
|---|---|---|---|
| Title | *Associated Industries Insurance Company, Inc. v. Geragos and Geragos, APC, et al.* | Page | 6 of 6 |

amounted to pressure and in what context, that allow the Court to plausibly infer that Associated unduly pressured them into a disadvantageous settlement using the threat of a lawsuit for rescission. Nor have they plausibly alleged how any suggestions to settle would have been "unwarranted," as opposed to reasonable litigation positions.

In sum, Insureds have not stated a claim for breach of the covenant of good faith and fair dealing. Associated's MTD is therefore **GRANTED**.

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Associated's MTD. Because it is uncertain whether additional allegations could cure some of the deficiencies discussed herein, the Court **GRANTS** Insureds leave to amend. Insureds shall file their Second Amended Counterclaims, or file a notice of their intent not to amend, by **March 9, 2022**. Associated's response shall be due 21 days after Insured's filing.

**IT IS SO ORDERED**.